IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DINAH JONES, on behalf of herself and
all others similarly situated,

    Plaintiffs,

v.                                              CASE NO.: 1:06-cv-47-SPM/AK

FORT DODGE ANIMAL HEALTH,
a division of Wyeth Corporation,

    Defendant.
_____/

**ORDER REMANDING CASE**

This cause comes before the Court on Plaintiff's Motion for Remand (doc. 7-1), Defendant's Memorandum in Opposition to Plaintiff's Motion for Remand (doc. 8-1), Plaintiff's Supplemental Memorandum of Law in Support of Her Motion to Remand (doc. 10-1), and Defendant's Opposition to Plaintiff's Supplemental Memorandum in Support of Her Motion to Remand (doc. 11).

**I. Factual Background**

Plaintiff filed her complaint on February 17, 2005 in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida. The Clerk of the Circuit Court timely issued a summons directed to Defendant on March 22, 2005. Plaintiff then requested and was granted three consecutive time extensions from

the circuit court[1] before finally serving Defendant with her complaint on March 2, 2006. On March 22, 2006, Defendant removed this action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332, 1446, and 1453. Plaintiff now contends that this action should be remanded to the circuit court. Specifically, Plaintiff argues that (i) this action was not removable because Defendant did not remove within one year after commencement of the action as required by 28 U.S.C. § 1446(b), and (ii) CAFA does not apply in this case because Plaintiff filed her complaint before its date of enactment.

**II. Analysis**

Federal courts are courts of limited jurisdiction, possessing only the power granted to them by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Among the powers granted to the district courts by Congress is the authority to hear cases involving state law claims when certain conditions have been met. 28 U.S.C. § 1332(a). The district courts are granted this diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. Id.

For purposes of class actions, courts have interpreted this diversity jurisdiction statute as requiring that each member of the plaintiff class be diverse

---

[1] The circuit court granted Plaintiff a 120-day time extension on June 1, 2005, a 120-day time extension on September 1, 2005, and a 45-day time extension on January 23, 2006.

from each of the defendants, see Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005); Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994), and that at least one member of the plaintiff class seek damages in excess of $75,000.[2]  See Allapattah Servs. v. Exxon Corp., 333 F.3d 1248, 1256 (11th Cir. 2003).  In 2005, Congress expanded the scope of the district courts' diversity jurisdiction with the passage of the Class Action Fairness Act of 2005 ("CAFA").  CAFA amended § 1332, conferring the district courts with jurisdiction over class actions in which the matter in controversy exceeds the aggregate sum of $5,000,000; the plaintiff class is of at least 100 members; and at least one member of the plaintiff class is a citizen of a different state from any defendant.  28 U.S.C. §§ 1332(d)(2), (d)(5), (d)(6).

CAFA also provides special provisions regarding removal of class actions to federal court.  See 28 U.S.C. § 1453(b).  A class action may now be removed to federal court without regard to whether any defendant is a citizen of the state in which the action is brought, and any defendant can remove the action without the consent of the other defendants.  Id.  Further, the one-year bar to removal from the time a case has been commenced, see U.S.C. § 1446(b), no longer applies to class actions.  28 U.S.C. § 1453(b).

---

[2]Prior to the United States Supreme Court's recent decision in Allapattah Servs. v. Exxon Corp., 125 S. Ct. 2611 (2005), a number of circuits interpreted § 1332(a) as requiring that *each* member of the plaintiff class seek damages in excess of $75,000 in order to satisfy the § 1332(a) amount-in-controversy requirement.  See, e.g., Trimble v. Asarco, Inc., 232 F.3d 946, 962 (8th Cir. 2000); Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999); Leonhardt v. W. Sugar Co., 160 F.3d 631, 640 (10th Cir. 1998).

A.  **Applicability of One-Year Bar to Removal**

The parties have argued extensively over the applicability of the one-year bar to removal provided for in the second paragraph of 28 U.S.C. § 1446(b), which states in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action*.

28 U.S.C. § 1446(b) (emphasis added).  Plaintiff argues that the one-year bar applies to all cases being removed on the basis of jurisdiction conferred by § 1332, including those that were already removable upon filing.  This interpretation of the statute is incorrect.  The language referring to the one-year bar modifies only the second paragraph of § 1446(b), and thus "only applies to cases that were not removable to federal court when originally filed."  Carter v. Frito-Lay, Inc., 144 Fed. Appx. 815, 817 (11th Cir. 2005) (quoting Brown v. Tokio Marine & Fire Ins. Co., 284 F.3d 871, 873 (8th Cir. 2002)).

Alternatively, Plaintiff argues that even if the one-year bar only applies to cases that were not removable on the basis of § 1332 jurisdiction upon filing, the one-year bar should apply in this case because the amount-in-controversy requirement under § 1332(a) was not met at the time of filing.[3]  In response,

---

[3] Under § 1332(a), "the district courts shall have jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000."  Plaintiff has not made any claims in excess of $50,000, and is correct that class members generally may not aggregate their individual claims for

Defendant argues that the amount-in-controversy requirement under § 1332(a) is inapplicable in this case. Rather, Defendant argues, the amount-in-controversy requirement provided for under CAFA, § 1332(d)(2), applies in this case.[4]

Essentially, the parties are simply arguing over the applicability of CAFA in this case. If Plaintiff is correct that the § 1332(a) amount-in-controversy requirement applies in this case, rather than CAFA's § 1332(d)(2) amount-in-controversy requirement, it is unclear why she would even need to use the one-year bar to prevent removal to federal court. The amount in controversy in this case has not changed from the time of filing, and thus if Plaintiff is correct that the § 1332(a) amount-in-controversy requirement applies and this case was not initially removable, this case is still not removable to federal court, regardless of whether the one-year bar to removal applies. See, e.g., Yescavage v. Wyeth, Inc., No. 2:05-cv-294-FTM33SPC, 2005 WL 2088429, at *3 (M.D. Fla. Aug. 30, 2005) ("The procedure for removal, including the time limitations [under § 1446(b)], applies only when removal is proper").

Likewise, if Defendant is correct that CAFA's § 1332(d)(2) amount-in-controversy requirement applies in this case, it is irrelevant whether this case

---

compensatory damages to establish the requisite amount of controversy. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1262 (11th Cir. 2000). Thus, under Plaintiff's theory, Defendant has not met the § 1332(a) amount-in-controversy requirement and this case was not removable to federal court.

[4] Under § 1332(d)(2), "the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000." Further, under § 1332(d)(6), "in any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." Defendant has asserted in its Notice of Removal (doc. 1-1) that "there are at least 1 million putative class members" seeking between $15,000 and $50,000 each. Thus, under Defendant's theory, it has met the § 1332(d)(2) amount-in-controversy requirement and this case was removable to federal court.

was initially removable upon filing.  Under CAFA's § 1453, "a class action may be removed to a district court in accordance with section 1446 (*except that the 1-year limitation under section 1446(b) shall not apply*)" (emphasis added).  Thus, if CAFA applies, this case was removable to federal court, regardless of whether or not Defendant did so within one year after the filing of the complaint.

## B.  Applicability of CAFA

Having found that the one-year bar to removal is inapplicable in this case because the complaint has not been modified at all from the time of filing, the Court must now determine whether this case was removable as initially filed.  As stated above, Plaintiff may still succeed on her motion to remand if Defendant has not met the requisite amount-in-controversy requirement for removal.  Thus, the dispositive question is whether the pre-CAFA § 1332(a) amount-in-controversy requirement applies or whether CAFA's § 1332(d)(2) amount-in-controversy requirement applies.

Section 9 of CAFA states: "The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." Pub. L. 109-2, § 9.  Courts have unanimously held that CAFA's date of enactment is February 18, 2005, the date on which the President signed the Act. See, e.g., Evans v. Walter Indus., No. 06-11974, 2006 WL 1374688, at *3 (11th Cir. May 22, 2006); Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1234 (10th Cir. 2005); Plubell v. Merck & Co., 434 F.3d 1070, 1071 (8th Cir. 2006).  It has also become well-settled that under CAFA, commencement of a state court action

occurs when the action is originated in state court, as defined by state law.[5]  See, e.g., Pritchett, 404 F.3d at 1234; Pfizer v. Lott, 417 F.3d 725, 726-27 (7th Cir. 2005); Bush v. Cheaptickets, Inc., 425 F.3d 683, 686 (9th Cir. 2005).  Finally, contrary to Defendant's contention,[6] the traditional rule that the removing defendant bears the burden of establishing subject matter jurisdiction still applies under CAFA.  See Miedema v. Maytag Corp., No. 06-12430, 2006 WL 1519630, at *12-16 (11th Cir. Jun. 5, 2006).

Plaintiff filed her action in the state circuit court on February 17, 2005, one day prior to the date of CAFA's enactment.  Plaintiff served Defendant with the complaint on March 2, 2006.  Under Florida law, commencement of a civil action occurs when the complaint is filed.  FLA. R. CIV. P. 1.050.  Further, if service of the complaint is not made within 120 days after filing of the complaint, the court "shall direct that service be effected within a specified time or shall dismiss the action without prejudice . . . provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an

---

[5] Plaintiff argues that federal law should determine the date of commencement for a state action, and cites to Castleberry v. Goldome Credit Corp., 408 F.3d 773 (11th Cir. 2005).  However, in Castleberry, the Federal Deposit Insurance Corporation ("FDIC") removed the action pursuant to 12 U.S.C. § 1819(b)(2)(B), which provides special provisions for removal by the FDIC.  As stated above, the weight of authorities have found that state law defines when an action has commenced for purposes of removal under CAFA.  Other courts in this circuit have followed this approach as well.  See, e.g., Eufaula Drugs v. TDI Managed Care Servs., No. 2:05-cv-293-F, 2005 WL 3440635, at *2 (M.D. Ala. Dec. 14, 2005) ("Generally, what constitutes commencement of an action in state court is determined by that state's own laws and  rules of procedure.").

[6] Defendant has cited to a number of cases from other circuits in support of its contention that Plaintiff has the burden of demonstrating that this case should be remanded.  However, these cases are not binding precedent in this circuit.  See Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) ("Under the established federal legal system the decisions of one circuit are not binding on other circuits.").

appropriate period." FLA. R. CIV. P. 1.070(j).

Defendant argues that Rules 1.050 and 1.070(j) must be construed together for purposes of defining commencement. Accordingly, Defendant argues, Plaintiff failed to commence this action prior to CAFA's enactment date because she did not serve her complaint on Defendant within 120 days after filing the complaint. Defendant supports this proposition by citing to two recent cases interpreting the definition of "commencement" for CAFA purposes. In Dinkel v. Gen. Motors Corp., 400 F. Supp. 2d 289, 293 (D. Me. 2005), the court, applying Kansas law, found that an action did not commence as to certain defendants because they were not timely served. However, this case is clearly distinguishable from the case at issue because the Kansas commencement statute explicitly states that if service is not made within 90 days after filing, an action is commenced at the time of service.[7]

In Main Drug, Inc. v. Aetna U.S. Healthcare, Inc., No. 2:05-cv-292-F, 2005 WL 3440636, at *4 (M.D. Ala. Dec. 14, 2005), the court found that the mere filing of a complaint did not necessarily constitute commencement, despite the fact that the Alabama Rules of Civil Procedure explicitly state that commencement

---

[7]Kansas Statutes Annotated § 60-203(a) states:

A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1).

occurs upon filing.[8]  However, this case is also distinguishable from the case at issue because the Alabama Supreme Court has interpreted Alabama's rule regarding commencement as requiring a plaintiff to file a complaint with a bona fide intention of immediately serving the complaint in order to commence an action.  See Ward v. Saben Appliance Co., 391 So. 2d 1030, 1035 (Ala. 1980).  Thus, the Main Drug court was bound by this interpretation.

     A review of the case law proffered by Defendant does not further its argument that the commencement date in this case should be "moved up" to the date of service.  Florida law expressly provides that commencement occurs when the complaint is filed, FLA. R. CIV. P. 1.050, and Defendant has offered no case law suggesting that Florida courts require timely service as an additional requirement to effecting commencement.  Thus, this Court finds that this action commenced upon Plaintiff filing her complaint, and CAFA does not apply.  Such a strict interpretation of Florida's rule regarding commencement is consistent with this Circuit's "rule of construing removal statutes strictly and resolving doubts in favor of remand."[9]  Miedema v. Maytag Corp., No. 06-12430, 2006 WL 1519630,

---

[8] ALA. R. CIV. P. 3(a) states: "A civil action is commenced by filing a complaint with the court."

[9] This approach of strictly interpreting state commencement statutes has also been used by other circuits considering this issue.  See Braud v. Transp. Serv. Co., 445 F.3d 801, 803-04 (5th Cir. 2006) (finding the date of commencement to be the date of filing under Louisiana law, but acknowledging that under other state statutes, such as Connecticut's, commencement occurs on the date of service); Bush v. Cheaptickets, Inc., 425 F.3d 683, 686 (9th Cir. 2005) (strictly adhering to California law for purposes of defining commencement, while acknowledging that this may lead to unanticipated results in states allowing a significant lapse of time between filing and providing service); Cannon v. Kroger Co., 837 F.2d 660, 664 (4th Cir. 1988) ("It is clear that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court, even though the cause of action arises from federal law.").

at *15 (11th Cir. Jun. 5, 2006). This interpretation is also consistent with the statutory construction of Florida's Rules of Civil Procedure, which already provide an adequate state remedy for failure to provide timely service. Under Rule 1.070, a court may dismiss an action without prejudice if a plaintiff cannot show good cause or excusable neglect for its failure to serve on time. FLA. R. CIV. P. 1.070(j).

Finally, Defendant argues that this Court should deem the time extensions granted to Plaintiff void because they were procured by fraud, received in bad faith, and granted without a showing of good cause. Because this Court has found that, for purposes of determining whether CAFA applies, Florida's commencement rule, FLA. R. CIV. P. 1.050, operates independently of its service of process Rule, FLA. R. CIV. P. 1.070, these issues regarding timely service are irrelevant. Even if such issues were relevant, this Court finds them to be without merit.[10]

### III. Conclusion

After reviewing Plaintiff's Motion for Remand, this Court finds that it lacks subject matter jurisdiction under § 1332(a) to hear this case. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Remand (doc. 7-1)

---

[10] First, Defendant's claim that Plaintiff fraudulently procured a third time extension by "incorrectly stat[ing]" that her second time extension had been granted is refuted by Plaintiff's production of the order granting the second time extension (doc. 10-2). Second, because Defendant's sole ground for removal is under the provisions of CAFA, under which the one-year bar does not apply, Defendant's claim that Plaintiff delayed service for over one year in order to prevent Defendant from removing the case is mooted. Finally, as to Defendant's claim that Plaintiff failed to show good cause in procuring the three time extensions from the trial court, this Court will not presume to second-guess the circuit court judge's rationale for permitting the extensions.

is GRANTED.  The clerk shall immediately take all steps necessary to effectuate remand to the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

    DONE AND ORDERED this 5th day of July, 2006.

              *s/ Stephan P. Mickle*
              Stephan P. Mickle
              United States District Judge